**Dennis PATTERSON, Appellant**

v.

**CITY OF WILDWOOD; Sgt. Christopher Howard; Patrolman Kenneth Phillips; Patrolman Kevin Franchville; Patrolman Daniel Rosiello.**

No. 08–2987.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) on Nov. 20, 2009.

Filed: Nov. 25, 2009.

---

Alan E. Denenberg, Esq., Abramson & Denenberg, Philadelphia, PA, for Appellant.

James R. Birchmeier, Esq., Powell, Birchmeier & Powell, Tuckahoe, NJ, for City of Wildwood; Sgt. Christopher Howard; Patrolman Kenneth Phillips; Patrolman Kevin Franchville; Patrolman Daniel Rosiello.

Before: RENDELL, BARRY, and CHAGARES, Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Dennis Patterson appeals from the District Court's grant of summary judgment on the basis of qualified immunity, contending that the District Court erred in determining, in reliance on language from *Scott v. Harris*, 550 U.S. 372, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007), that it could not adopt Patterson's version of the facts for purposes of its ruling. We agree with Patterson and will therefore vacate and remand for further proceedings.[1]

Patterson instituted a § 1983 civil action against the City of Wildwood and several individuals, including Sgt. Christopher Howard, alleging violations of his Fourth Amendment right to be free from unreasonable seizure. His complaint arose out of an incident that occurred in September 2004 at the Fairview Café in Wildwood, New Jersey, where, he contends, he was illegally arrested and excessive force was used against him during the course of an illegal seizure.

At issue is the District Court's grant of summary judgment on Patterson's excessive force claim against Sgt. Howard. As the District Court noted, the facts regarding the events of the evening in question, and the alleged use of force, were "highly disputed." The District Court accurately summarized the facts as contended by each party:

The parties dispute whether Plaintiff was resisting arrest and whether he was unconscious while on the ground. Plaintiff asserts that when Defendant told him he was under arrest and ordered him to turn around, Plaintiff attempted

---

1. The District Court had subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. We have appellate jurisdiction under 28 U.S.C. § 1291, as this matter is on appeal from the final order of the District Court.

Patterson is appealing from an order granting summary judgment and dismissing the case. The standard of review is therefore plenary. *Couden v. Duffy*, 446 F.3d 483, 491 n. 3 (3d Cir.2006); *Abraham v. Raso*, 183 F.3d 279, 287 (3d Cir.1999).

to comply with the order, but Defendant "grabbed [him] by the collar and into the—to the ground [he] went." (Pl. Dep.43:5–6). Plaintiff further claims that when he was slammed to the ground, he hit the ground face first and was momentarily knocked unconscious. Thus, Plaintiff argues, it was unreasonable for Defendant to punch Plaintiff in the face.

Defendant contests Plaintiff's version of the facts and claims that Plaintiff was resisting arrest. Specifically, Defendant asserts that Plaintiff assumed a fighting stance and had to be pulled away from a glass window, which caused both Plaintiff and Defendant to fall to the ground. Defendant further claims that once on the ground, Plaintiff was not unconscious but, rather, continued to resist arrest by flailing his arms about. At that point, Defendant punched Plaintiff in the face one time to subdue him. (Dist.Ct.Op., pp. 8–9.)

The District Court noted that in the usual case, on summary judgment, in determining whether a constitutional violation occurred, the Court must take the facts in the light most favorable to Patterson and make all reasonable inferences in his favor. The District Court then noted an exception to this rule: "However, the court need not accept Plaintiff's version of the facts to the extent it is contradicted by the evidence in the record." (Dist.Ct.Op. p. 9.) The Court then referenced language from *Scott v. Harris, supra,* for the proposition that when a "blatant contradiction" renders a plaintiff's version essentially unbelievable, the court should not apply the usual standard: "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." (Dist. Ct. Op. p. 9, quoting *Scott v. Harris,* 550 U.S. 372, 380,

127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007).)

The District Court then proceeded to point to two aspects of the record that contradicted the version offered by Patterson, so as to cause the Court not to view the evidence in a light most favorable to him. One such contradiction was presented by the video taken of Patterson when he was in the back seat of the police car. In the video, Patterson stated that he "does not like being punched in the face," and his manner of speech suggested that he was intoxicated at the time. From this, the District Court concluded that Patterson was not unconscious when he was punched in the face, since he was able to recall the punch while sitting in the police car, and further, that his inability to remember could alternatively be attributed to intoxication, rather than unconsciousness.

The second source of contradiction was the testimony of the club's bouncer, who witnessed the arrest. He testified that Patterson was resisting arrest and was not cooperative with the officers.

The District Court concluded that "no reasonable jury could find that Plaintiff was unconscious while on the ground. Rather, the evidence shows that Plaintiff actively resisted arrest and Defendant acted reasonably to subdue him. Therefore, no constitutional violation occurred and Defendant is entitled to summary judgment on this charge." (Dist.Ct.Op. p. 11.)

Patterson contends that the District Court improperly applied the limited exception set forth in *Scott v. Harris,* and also improperly weighed evidence in a manner not appropriate at the summary judgment stage. We agree. The limited exception set forth by the Supreme Court in *Scott v. Harris* does not apply in the instant fact pattern. Unlike the videotape relied upon by the Supreme Court in *Scott,*

which depicted the actual incident, the videotape in this case did not capture the incident and could not therefore contradict, let alone "blatantly contradict," the record as to what occurred. While the jury might conclude that the videotape was inconsistent with, or gave rise to different inferences regarding, Patterson's version of events, the videotape in this case does not portray the actual incident; it cannot, and does not, "blatantly contradict" Patterson's version of events as the video did in *Scott v. Harris*. There, the video of the police chase contradicted Scott's version of the key event on which the claim was based. As Patterson notes, courts have declined to apply the limited exception set forth in *Scott v. Harris* where a videotape or other mechanical depiction does not capture the whole incident or the entire arrest, or where the videotape or mechanical depiction is susceptible to multiple reasonable interpretations.[2]

We agree, further, that crediting the testimony of the club's bouncer, and concluding that it contradicts Patterson's version in such a way as to alter the standard and preclude Patterson from proceeding to trial, was improper. The bouncer's testimony, together with all other testimony, should be heard by a jury, and its credibility judged accordingly. Accepting the bouncer's version over Patterson's at the summary judgment stage was error.

In light of the foregoing, the District Court's grant of summary judgment in favor of Sgt. Howard based on qualified immunity in light of the absence of a constitutional violation will be VACATED and the matter REMANDED for further proceedings in the District Court.

---

2. *See, e.g., Re: Buber v. Township of Old Bridge*, 2007 WL 4557658, *3, 2007 U.S. Dist. LEXIS 93841, *8 (D.N.J., Dec. 21, 2007) (noting that a 911 call and radio transmission did not conclusively demonstrate whether police officers had repeatedly hit the plaintiff and holding that "[t]his is not an instance, as was in *Scott,* where the entire arrest was recorded by video, and the video failed to demonstrate that Plaintiff had been punched or kicked as alleged."); *Mills v. City of Harrisburg*, 589 F.Supp.2d 544, 553 n. 5 (M.D.Pa.2008) (declining to apply *Scott v. Harris* because the relevant audio recording was "susceptible to multiple reasonable interpretations" unlike the videotape in *Scott* ).